**The below described is SIGNED.**



**Dated: May 14, 2014**

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



*Prepared and Submitted By:*
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email:  hunt.peggy@dorsey.com
        thomson.michael@dorsey.com
        armington.jeffrey@dorsey.com

*Attorneys for Peggy Hunt, Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>SCHELLEY NELSON,<br><br>Debtor. | **Bankr. Case No. 13-21790**<br><br>Chapter 7<br><br>The Honorable Joel T. Marker<br><br>**[FILED ELECTRONICALLY]** |

## ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH DEFENDANTS UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

The matter before the Court is the *Motion to Approve Settlement Agreement with Defendants Under Federal Rule of Bankruptcy Procedure 9019* [Docket No. 26] (the "Motion") filed by Peggy Hunt, Chapter 7 Trustee ("Trustee") for the estate of Schelley Nelson (the "Debtor"), seeking approval of a Settlement Agreement between the Trustee on one hand and (a) Quinn M. Kofford, P.C. and any current or former employees or agents of Quinn M. Kofford, P.C. (collectively, "Kofford Law Firm"), (b) Mountain Land Collections, Inc. and any current or former employees or agents of Mountain Land Collections, Inc. ("Mountain Land"), (c) Staci Keebler Vest ("Vest"), and (d) Annette Powell Christensen ("Christensen" and together with Vest, Kofford Law Firm and Mountain Land, the "Defendants") on the other hand, a copy of which is attached hereto as **Exhibit 1** (the "Agreement"). The Motion was served through the Court's CM/ECF system upon all parties that receive electronic notice in this case.  The Motion is also supported by the Trustee's *Declaration* in support of the Motion [Docket No. 27] (the "Declaration").  In addition the Trustee filed a *Notice of Motion and Notice of Opportunity for Hearing* [Docket No. 28] (the "Notice") that provided for, among other things, notice of a May 12, 2014 deadline for filing responses to the Motion, and notice of an opportunity for hearing on the Motion on May 21, 2014 (the "Hearing").  The Notice was properly served on all parties in interest in this case as evidenced by the *Certificate of Notice* [Docket No. 30] (the "Certificate"), and no further notice is required.  No responses to the Motion have been received by the Trustee or her counsel.  Based on the Motion, the Declaration, the Notice, the Certificate, and applicable law, and for good cause shown,

     **IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED**;

2.      The Agreement attached hereto as **<u>Exhibit 1</u>** is **APPROVED**; and

3.      The Hearing on the Motion, which was set for May 21, 2014, is **STRICKEN.**

_____End of Order_____

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is entered into this 18th day of April, 2014, by and between (i) Quinn M. Kofford, P.C. and any current or former employees or agents of Quinn M. Kofford, P.C. (collectively, "Kofford Law Firm"), (ii) Mountain Land Collections, Inc. and any current or former employees or agents of Mountain Land Collections, Inc. ("Mountain Land"), (iii) Staci Keebler Vest ("Vest"), and (iv) Annette Powell Christensen ("Christensen" and together with Vest, Kofford Law Firm and Mountain Land, the "Defendants"), on the one hand, and Peggy Hunt as the Chapter 7 Trustee (the "Trustee") in the bankruptcy case styled as *In re Nelson*, Case No. 13-21790 (the "Bankruptcy Case") filed in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court"), on the other hand (together, the "Parties").

## RECITALS

A.  On February 27, 2013 (the "Petition Date"), Schelley Nelson (the "Debtor") filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code commencing the Bankruptcy Case.

B.  During all times relevant hereto, the Trustee has served or is serving as the duly-appointed Trustee in the Bankruptcy Case.

C.  After the Petition Date, on August 16, 2013 the Debtor filed a complaint in the United States District Court, District of Utah (the "District Court") against: (i) the Kofford Law Firm; (ii) Mountain Land; (iii) Vest, a Mountain Land employee; and (iv) Christensen, a Mountain Land employee, thereby commencing the case styled as *Nelson v. Mountain Land Collections, Inc. et al*, Case No. 2:13-cv-00778-DB (D. Utah) (the "Lawsuit").

D.  The Lawsuit is based on alleged prepetition claims that the Debtor has against the Defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Utah Consumer Sales Practices Act, Utah Code Ann. § 13-11-4, and the Debtor's common-law claim for invasion of privacy.

E.  Any recovery in the Lawsuit is non-exempt property of the Debtor's estate in the Bankruptcy Case.

F.  In or about February 2014, the Trustee became aware of the existence of the Lawsuit and was contacted by counsel for the Defendants about settling the Lawsuit.

G.  From the time the Trustee was informed of the existence of the Lawsuit and continuing thereafter, the Parties entered into arms' length and good-faith negotiations to avoid costs and expenses of litigation, and the Defendants, on the one hand, and the Trustee, on the other hand, have agreed to resolve and compromise the claims and disputes which may exist between them related to the Lawsuit pursuant to the terms and conditions more fully set forth below.

1

# AGREEMENT

NOW THEREFORE, in consideration of the mutual promises, covenants and agreements set forth in this Agreement, and based upon the foregoing recitals and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.   **Bankruptcy Court Approval; Best Efforts.**   This Agreement is conditioned on and is subject to the Bankruptcy Court's entry of an order in the Bankruptcy Case approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019.  The Trustee will promptly file a motion seeking Bankruptcy Court approval of this Agreement, and the Parties each agree to use their best efforts to secure Bankruptcy Court approval of this Agreement in accordance with all applicable law.   The date that the Bankruptcy Court enters an Order approving this Agreement shall be referred to herein as the "Entry Date."

2.   **Cash Payment; Timing; Method.**   The Defendants agree to pay to the Trustee, for the benefit of the estate, the sum of $13,500.00 (the "Total Cash Payment"), which shall be paid as follows:

(a)   $6,750.00 of the Total Cash Payment will be paid by the Kofford Law Firm within ten business days of the execution of this Agreement (the "Kofford Cash Payment");

(b)   $6,750.00 of the Total Cash Payment will be paid by Mountain Land within ten business days of the execution of this Agreement (the "Mountain Land Cash Payment");

(c)   The Kofford and Mountain Land Cash Payments shall be made by check payable to "*Peggy Hunt, Trustee Schelley Nelson Bankruptcy Estate,*" and shall be delivered to the Trustee at 136 South Main Street, Suite 1000, Salt Lake City, Utah 84101;

(d)   If the Bankruptcy Court does not enter an Order approving this Agreement, the Trustee shall return any amount of the Total Cash Payment paid by the Kofford Law Firm and/or Mountain Land;

(e)   If the District Court does not dismiss the Lawsuit with prejudice as set forth in Paragraph 5, the Trustee shall return any amount of the Total Cash Payment paid by the Kofford Law Firm and/or Mountain Land.  The Trustee shall not distribute any of the Total Cash Payment until the District Court dismisses the Lawsuit with prejudice; and

(f)   As a condition to receiving the Total Cash Payment, the Trustee will fill out and executed a Form W-9, a copy of which is attached hereto as **Exhibit A**, at or before execution of this Agreement by the Trustee.

3.   **Release of Claims -- Against Defendants.**   Effective upon the later of: (a) the Trustee's receipt of the Total Cash Payment; and (b) the Entry Date, the Trustee releases and forever discharges Defendants, from any and all manner of actions, causes of action in law or in

2

equity, suits, debts, liens, contracts, liabilities, claims, demands, damages, losses, fees, costs, or expenses, set offs, or claims for recoupment, of any nature whatsoever, known or unknown, fixed or contingent that the Trustee may have against the Defendants from the beginning of time to the date hereof, or which may hereafter accrue against the Defendants based upon any claims, acts or omissions occurring prior to the date of this Agreement, including without limitation claims in the Lawsuit; *provided however*, the release provided under this paragraph is not a release of any claims or causes of action arising or resulting from a default under or breach of this Agreement.

4.     **Release of Claims -- Against Trustee and Estate.**     Effective upon the Entry Date, the Defendants release and forever discharge the Debtor's estate, the Trustee and any one or all of the Trustee's affiliates, predecessors, successors, attorneys, agents and the employees, agents, attorneys, representatives, predecessors, successors and assigns thereof (collectively, the "Trustee Release Parties") from any and all manner of actions, causes of action in law or in equity, suits, debts, liens, contracts, liabilities, claims, demands, damages, losses, fees, costs, or expenses, set offs, or claims for recoupment, of any nature whatsoever, known or unknown, fixed or contingent that the Defendants may have against the Trustee Release Parties from the beginning of time to the date of this Agreement, or which may hereafter accrue against the Trustee Release Parties based upon any claims, acts or omissions occurring prior to the date of this Agreement relating to the Debtor's activities and any other claim that the Defendants could have filed against the Debtor based on the Debtor's prepetition activities that are part of the Debtor's estate; *provided however*, the release provided under this paragraph is not a release of any claims or causes of action arising or resulting from a default under or breach of this Agreement or of any claims related to the Debtor's post-petition activities. The Defendants expressly agrees that the release set forth in this paragraph includes without limitation any and all claims against the Debtor's estate and that the Defendants shall not receive any distribution of assets in the Bankruptcy Case.

5.     **Dismissal of the Lawsuit With Prejudice.**     Within five (5) business days after the later of the Trustee's receipt of the Total Cash Payment in full by all Parties and the Entry Date, the Trustee will file in the Lawsuit a Motion to Approve Stipulation to Dismiss with Prejudice and a proposed Order granting the Motion, in the form attached hereto as **Exhibit B**. With the execution of this Agreement, Defendants and their counsel give permission for the Trustee to use Defendants' counsel's digital signature to file the attached Motion and Order.

6.     **Representations and Warranties.**     The Defendants represent and warrant that they have full power and authority to enter into this Agreement.

7.     **Trustee Representation.**     The Trustee represents that, as the Bankruptcy Court-authorized representative of the Debtor and the Debtor's estate, she has full power and authority to enter into this Agreement on behalf of the Debtor and the Debtor's estate.

8.     **Attorneys' Fees and Costs.**     Each of the Parties shall bear its own respective attorneys' fees and costs incurred in connection with entering into, obtaining Bankruptcy Court approval of, and implementing this Agreement.

3

9. **Effectuation of Agreement.** The Parties agree to perform any other or further acts, and execute and deliver any other or further documents, as may be necessary or appropriate to implement this Agreement, including without limitation, to execute and deliver if appropriate, any documents necessary to obtain approval of this Agreement from the Bankruptcy Court or to obtain dismissal of the Lawsuit. Except as specifically required by any order entered by the Bankruptcy Court, the Trustee may execute any documents necessary to effectuate this Agreement without further notice and hearing.

10. **Binding Effect.** This Agreement shall be binding upon each of the Parties, and their respective successors-in-interest, heirs and/or assigns. All representations and warranties made herein shall survive execution of this Agreement and shall at all times subsequent to the execution of this Agreement remain binding and fully enforceable.

11. **Bankruptcy Court Jurisdiction.** Any claims or causes of action, whether legal or equitable, arising out of or based upon this Agreement or related documents, including but not limited to interpretation and/or enforcement of this Agreement, shall be commenced in the Bankruptcy Court. The Parties hereby consent to the jurisdiction, venue and process of the Bankruptcy Court.

12. **Governing Law.** This Agreement is made pursuant to and shall be governed by laws of the State of Utah and, where applicable, federal bankruptcy law.

13. **Construction of Agreement.** This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with governing law. This Agreement has been negotiated by each of the Parties (or their respective counsel) and the language of the Agreement shall not be construed for or against any particular party.

14. **Voluntary Agreement.** This Agreement has been carefully read by the Parties and has been reviewed by the Parties' respective legal counsel (or, if not represented, such Parties had the opportunity to engage counsel to review the Agreement); the contents hereof are known and understood by the Parties; and each of the Parties acknowledges that such party is under no duress or undue influence and that each of the Parties executes this Agreement as its own free and voluntary act.

15. **Integration and Amendments.** This Agreement shall constitute the entire agreement and understanding of and between the Parties in relation to matters described herein, and no statements, representations, inducements or promises other than as expressly set forth herein have been given or received by any of the Parties (nor by their respective agents, employees, attorneys or representatives) in return for same. All negotiations, oral conversations, statements, representations and/or agreements leading up to the execution of this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation or otherwise. No parole or extrinsic evidence may be used to contradict any of the terms of this Agreement. Any amendment to this Agreement must be in writing, signed by duly authorized representatives of the Parties hereto, and specifically state the intent of the Parties to amend this Agreement.

4

16.    **Severability.**    To the extent that any portion of this Agreement is held unenforceable by a court, tribunal or arbiter of competent jurisdiction, the remainder of this Agreement shall remain binding and enforceable provided that the primary purpose of the Agreement is not frustrated.

17.    **Counterparts.**    This Agreement may be executed by the Parties hereto in any number of identical counterparts, each of which, once executed and delivered in accordance with the terms of this Agreement, will be deemed an original with all such counterparts taken together constituting one and the same instrument.  Delivery by facsimile, encrypted e-mail or e-mail file attachment of any such executed counterpart to this Agreement will be deemed the equivalent of the delivery of the original executed agreement or instrument.

*[Signature page follows]*

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date and year first above written.

Quinn M. Kofford, P.C.

Peggy Hunt, Chapter 7 Trustee

Name: _____
Its: _____

Peggy Hunt, Chapter 7 Trustee of the
Bankruptcy Estate of Schelley Nelson,
Case No. 13-21790

Mountain Land Collections, Inc.

By: _____
Its: President

Annette Powell Christensen

Staci Keebler Vest

_____

6

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date and year first above written.

Quinn M. Kofford, P.C.

Name: Quinn Kofford
Its: President

Mountain Land Collections, Inc.

By:
Its:

Annette Powell Christensen

Staci Keebler Vest

Peggy Hunt, Chapter 7 Trustee

Peggy Hunt, Chapter 7 Trustee of the Bankruptcy Estate of Schelley Nelson, Case No. 13-21790

6

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date and year first above written.

Quinn M. Kofford, P.C.

Peggy Hunt, Chapter 7 Trustee

_____
Name: _____
Its: _____

Peggy Hunt, Chapter 7 Trustee of the
Bankruptcy Estate of Schelley Nelson,
Case No. 13-21790

Mountain Land Collections, Inc.

_____
By: _____
Its: _____

Annette Powell Christensen

_____

Staci Keebler Vest

_____

6

# EXHIBIT A

Form **W-9**
(Rev. August 2013)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer
Identification Number and Certification**

Give Form to the
requester. Do not
send to the IRS.

Name (as shown on your income tax return)
**Peggy Hunt, Chapter 7 Trustee for the Estate of Schelley Nelson**

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax classification:

☐ Individual/sole proprietor   ☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☑ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

☐ Other (see instructions) ▶

Exemptions (see instructions):

Exempt payee code (if any) _____

Exemption from FATCA reporting
code (if any) _____

Address (number, street, and apt. or suite no.)
**136 South Main Street, #1000**

City, state, and ZIP code
**Salt Lake City, UT  84101**

Requester's name and address (optional)

List account number(s) here (optional)
**Bankruptcy No. 13-21790**

### Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

Employer identification number

### Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below), and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

Sign
Here

Signature of
U.S. person ▶ *Peggy Hunt, Trustee*          Date ▶ *4-14-14*

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** The IRS has created a page on IRS.gov for information about Form W-9, at www.irs.gov/w9. Information about any future developments affecting Form W-9 (such as legislation enacted after we release it) will be posted on that page.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, payments made to you in settlement of payment card and third party network transactions, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the

withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct.

**Note.** If you are a U.S. person and a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax under section 1446 on any foreign partners' share of effectively connected taxable income from such business. Further, in certain cases where a Form W-9 has not been received, the rules under section 1446 require a partnership to presume that a partner is a foreign person, and pay the section 1446 withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid section 1446 withholding on your share of partnership income.

Cat. No. 10231X          Form **W-9** (Rev. 8-2013)

# **<u>EXHIBIT B</u>**

Peggy Hunt (Utah State Bar No. 6060)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
           armington.jeff@dorsey.com

*Attorneys for Chapter 7 Trustee for the Bankruptcy Estate of Schelley Nelson*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| SCHELLEY NELSON,<br><br>        Plaintiff,<br>v.<br><br>MOUNTAIN LAND COLLECTIONS, INC., QUINN M. KOFFORD, P.C., STACI KEEBLER VEST, and ANNETTE POWELL CHRISTENSEN,<br><br>        Defendants. | **MOTION TO APPROVE STIPULATION TO DISMISS WITH PREJUDICE**<br><br>Civil No. 2:13-cv-00778<br><br>The Honorable Dee Benson |

Pursuant to Federal Rule of Civil Procedure 41(a), Peggy Hunt, the duly-appointed Chapter 7 Trustee (the "Trustee") and estate representative for the bankruptcy estate of Plaintiff Schelley Nelson in the bankruptcy case styled as *In re Nelson*, Case No. 13-21790 (the "Bankruptcy Case"), and Defendants Mountain Land Collections, Inc. ("Mountain Land"), Quinn M. Kofford, P.C. (the "Kofford Law Firm"), Staci Keebler Vest ("Vest") and Annette Powell Christensen ("Christensen" and together with Vest, Mountain Land and Kofford Law Firm (the "Defendants") and the Defendants together with the Trustee, the "Parties"), hereby request that the Court dismiss the above-captioned case with prejudice. In support hereof, the Parties state as follows:

1.   On February 27, 2013 (the "Petition Date"), prior to the filing of the above-captioned case, Plaintiff Schelley Nelson ("Debtor") filed a petition seeking relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah, thus commencing the Bankruptcy Case.

2.   The Trustee is the duly appointed Chapter 7 trustee in the Bankruptcy Case.

3.   The Trustee has determined that the claims made in this case are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a) inasmuch as the facts giving rise to the claims occurred prior to the Petition Date.

4.   The Trustee as the representative of the estate, "may . . . prosecute any action or proceeding in behalf of the estate before any tribunal." Fed. R. Bankr. P. 6009; *see* 11 U.S.C. § 323(a) (trustee is the representative of the estate).

5.   The Trustee has entered into good faith and arms' length negotiations with the Defendants, and has entered into a Settlement Agreement with the Defendants to resolve all claims. Pursuant to Federal Rule of Bankruptcy Procedure 9019, the Settlement Agreement has been approved by the Bankruptcy Court. A copy of the Bankruptcy Court's Order approving the Settlement Agreement, which includes a copy of the Settlement Agreement, is attached hereto as **Exhibit 1**.

6.   The Settlement Agreement provides, *inter alia*, that the above-captioned case be dismissed with prejudice as to the Defendants.

7.   Accordingly, the Parties now request that the Court enter the Order attached hereto as **Exhibit 2**, and dismiss this proceeding as to the Defendants with prejudice and without costs, disbursements, or attorneys' fees to any party.

WHEREFORE, the Parties respectfully request that the Court enter the proposed Order and dismiss the above-captioned case as to the Defendants with prejudice as requested herein.

2

DATED this __th day of _____, 2014.

**PEGGY HUNT, CHAPTER 7 TRUSTEE**


/s/_____
*Chapter 7 Trustee of the Bankruptcy*
*Estate of Schelley Nelson, Case No. 13-21790*


DATED this __th day of _____, 2014.

**PRICE PARKINSON & KERR PLLC**


/s/_____
Ronald F. Price
*Attorneys for Mountain Land Collections, Inc.*
*and Annette Powell Christensen*


DATED this __th day of _____, 2014.

**SNELL & WILMER L.L.P.**


/s/_____
James D. Gardner
*Attorneys for Quinn M. Kofford, P.C.*
*and Staci Keebler Vest*

*Prepared and submitted by:*
Peggy Hunt (Utah State Bar No. 6060)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
armington.jeff@dorsey.com

*Attorneys for Chapter 7 Trustee for the Bankruptcy Estate of Schelley Nelson*

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| SCHELLEY NELSON,<br><br>        Plaintiff,<br>    v.<br><br>MOUNTAIN LAND COLLECTIONS, INC.,<br>QUINN M. KOFFORD, P.C., STACI<br>KEEBLER VEST, and ANNETTE POWELL<br>CHRISTENSEN,<br><br>        Defendants. | **ORDER GRANTING MOTION TO<br>APPROVE STIPULATION TO<br>DISMISS WITH PREJUDICE**<br><br>Civil No. 2:13-cv-00778<br><br>The Honorable Dee Benson |

The Court, having considered the *Motion to Approve Stipulation to Dismiss with Prejudice* and the applicable law, and for good cause appearing,

**IT IS HEREBY ORDERED that:**

1. That the above-captioned case is hereby **DISMISSED** with prejudice as to Defendants.

2. Each party shall bear its own fees and costs.

DATED this ___ day of _____, 2014.


BY THE COURT:


_____
The Honorable Dee Benson
United States District Court Judge

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH DEFENDANTS UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019** shall be served to the parties in the manner designated below:

**By Electronic Service**:  I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- Jeffrey M Armington armington.jeff@dorsey.com
- Mary M. Hunt tr hunttrustee@gmail.com, hunt.peggy@dorsey.com;UT18@ecfcbis.com
- Justin M. Myers justinmyerslaw@gmail.com, justinmyerslaw1@gmail.com;justinmyerslaw0@gmail.com
- Michael F. Thomson thomson.michael@dorsey.com, montoya.michelle@dorsey.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail** – In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b):

Ronald F. Price
Price Parkinson & Kerr, PLLC
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116

Jim Gardner
Snell & Wilmer, L.L.P.
15 West South Temple, Suite 1200
Gateway West Tower
Salt Lake City, Utah 84101